UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **MATTHEW EDWARD ALEXANDER** | * | **CIVIL ACTION NO. 15-2659**<br>Section P |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **VIVIAN SINGLETARY** | * | **MAG. JUDGE KAREN L. HAYES** |

### ORDER

Before the undersigned magistrate judge, on reference from the District Court, are two discovery-related motions filed by *pro se* plaintiff Matthew Edward Alexander: 1) a motion for limited discovery [doc. # 12]; and 2) a motion for issuance of subpoena duces tecum [doc. # 17]. Defendant opposes the motion for limited discovery. [doc. # 14]. For reasons assigned below, Plaintiff's motions are **DENIED**.[1]

### Background

On February 12, 2016, Plaintiff filed suit against Defendant Vivian Singletary for defamation stemming from an alleged conversation between Defendant and Assistant District Attorney Geary Ayock. [doc. # 1, p. 1]. Plaintiff was accused, in a separate criminal matter, of starting a fire on August 7, 2014. *Id.* Plaintiff alleges that Defendant falsely stated to ADA Aycock: 1) that she and Plaintiff had spoken over the phone shortly before the date of the alleged fire; and 2) that Plaintiff threatened Defendant during the phone call. *Id.*

---

[1] As this motion is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

**Analysis**

Plaintiff filed the instant motion for limited discovery on April 11, 2016. [doc. # 12]. Plaintiff contends that Defendant's version of events contradicts police reports, and therefore "[i]t must be presumed that Defendant lied in Defendant's answers to interrogatories #8 and #9." [doc. # 12, p. 2]. For this reason, Plaintiff asks "the Court for a deposition of Defendant," and "that the Court issue a subpoena for the phone record of Ray Nixon." *Id.* at 1, 4.

Rule 30(a) of the Federal Rules of Civil Procedure provides in part that "any party may take the testimony of any person, including a party, by deposition upon oral examination." Additionally, under Federal Rule of Civil Procedure 45(a)(1)(c), any party may serve a subpoena commanding a nonparty "to attend and give testimony or to produce and permit inspection and copying of" documents. Thus, the subpoena may command the production of documents which are "not privileged" and are "relevant to the subject matter" or "reasonably calculated to lead to the discovery of admissible evidence." *See* FED. R. CIV. P. 26(b)(1).

The deadline for discovery has not yet lapsed and Plaintiff is free to depose Defendant and subpoena third party records without seeking leave of court. [*See* Scheduling Order doc. # 6]. The relief sought in Plaintiff's motion for limited discovery is unnecessary and therefore DENIED.

Plaintiff's motion seeking the court to issue a subpoena duces tecum to "Defendant Miranda Rogers" is likewise unnecessary. The court notes that Plaintiff describes Detective Rogers as a defendant; however, the only defendant on record in this matter is Vivian Singletary. [*See* Complaint doc. # 1]. If Detective Rogers were a party in this case, a subpoena would not be necessary, as information may be sought through document requests under FED. R. CIV. P. 34.

2

Furthermore, to the extent Plaintiff seeks the court to issue a subpoena to detective Rogers as a third party, Plaintiff need not file a motion in order to obtain the subpoena. *See* FED. R. CIV. P. 45(a)(2). The motion for the court to issue a subpoena duces tecum upon Detective Rogers is therefore DENIED.

 IT IS ORDERED that Plaintiff's motion to for limited discovery [doc. # 12] is DENIED.

 IT IS FURTHER ORDERED that Plaintiff's motion for issuance of a subpoena [doc. # 17] is DENIED.

 In Chambers, at Monroe, Louisiana, this 2nd day of May 2016.

                       KAREN L. HAYES
                       UNITED STATES MAGISTRATE JUDGE